STATE of Missouri, Appellant,

v.

Harold WILLIAMS and Unknown
Persons, et al., Respondents.

No. WD 47970.

Missouri Court of Appeals,
Western District.

April 5, 1994.

Lori A. Fluegel, Asst. Pros. Atty., Jackson
County, Kansas City, for appellant.

No appearance for respondents.

Before ULRICH, P.J., and
BRECKENRIDGE and SPINDEN, JJ.

ULRICH, Presiding Judge.

The State of Missouri appeals from the final judgment denying its request for costs pursuant to § 513.623 and § 195.145.4, RSMo 1986. The state filed a petition for forfeiture pursuant to the Criminal Activity Forfeiture Act and § 195.140, RSMo 1986, defendants defaulted and did not appear at any time during the proceedings, and defendants did not file a brief on appeal. The trial court entered its judgment on June 9, 1993, forfeiting $856 in U.S. currency and ordering its distribution pursuant to Missouri Constitution Article IX, section 7. The court denied the claims of the Kansas City, Missouri, Police Department and the Jackson County Prosecutor's Office for costs incurred pursuant to the action. The judgment of the trial court is affirmed in part, reversed in part, and is remanded with direction.

On September 10, 1990, and September 13, 1990, an undercover police officer of the Kansas City, Missouri, Police Department, in the performance of his duties, purchased a controlled substance while at the residence located at 1114 East Armour, Kansas City. As a result of the two purchases, a search warrant was obtained, and the residence at 1114 East Armour was searched by law enforcement authorities. During execution of the search warrant, the state claims that six small baggies of crack cocaine and $438 in U.S. currency were recovered from Harold Williams, the person who purportedly sold the contraband drugs to the undercover police officer. The money recovered from Mr. Williams included the $20 used to purchased cocaine on September 13, 1990. An additional $438 in U.S. currency was found within the residence, and eighteen small baggies of crack cocaine were observed and seized from a coffee table within the residence. The total $856 was seized by law enforcement authorities pursuant to state and federal forfeiture statutes.

During the hearing on the state's forfeiture claim, the state filed two exhibits in support of its claimed costs in the forfeiture action. The Kansas City Police Department claimed expenses totalling $273 incurred from its seizure of the "currency at the scene of the search warrant, photographing and checking the currency for buy money, sealing it as evidence, response by a canine to check the money and the apartment, the time for preparation of the forfeiture case and the testimony at the hearing, and the laboratory analysis." Additionally, the state claimed as costs the expense incurred by the county prosecutor in the sum of $206.64 by the publication required by statute for the purpose of serving defendants Harold Williams and unknown persons.

On June 9, 1993, the trial court entered its default judgment against Harold Williams and unknown persons, forfeiting the $856 and ordering distribution pursuant to Missouri Constitution Article IX, section 7. The court denied the claimed costs of the Kansas City Police Department and the Jackson County Prosecutor's Office.

The trial court issued findings of fact and conclusions of law. The court did not recognize the expenditures of the Kansas City Police Department and the Jackson County Prosecutor's Office as "costs of the proceedings of a case." The state filed its timely notice of appeal asserting that the trial court erred in rejecting the state's costs.

Article IX, section 7, of the Missouri Constitution provides in part that "the clear proceeds of all penalties, forfeitures and fines collected hereafter for any breach of the penal laws of the state, the net proceeds from the sale of estrays, and all other monies coming into said fund shall be distributed annually to the schools of the several counties according to law." Thus, forfeitures and fines collected for the breach of penal laws of the State of Missouri must annually be distributed to the schools within Missouri's counties.

■ Although Missouri's forfeiture provisions are civil proceedings, forfeiture arises out of violations of penal statutes and are "manifestly penal laws in the sense of Article IX, section 7." *Reorganized School Dist. No. 7 v. Douthit,* 799 S.W.2d 591, 594 (Mo. banc 1990). Therefore, the Supreme Court in *Douthit* stated that the public schools within

Jackson County had an interest in the funds forfeited, and the county school fund of Jackson County was the proper depository of some or all of the forfeited funds in the case pursuant to Missouri Constitution, Article IX, section 7.

The issue now presented is whether the trial court erred in denying the Kansas City, Missouri, Police Department and the Jackson County Prosecutor's Office reimbursement from the forfeited sum for the expenses they incurred and claimed as costs. The trial court did not recognize the costs asserted by the law enforcement entities as "costs of the proceedings of a case." The trial court stated in its conclusions of law that:

> the costs of publication as submitted by the Jackson County Prosecutor's Office, marked State's Exhibit 1, in the amount of $206.64 incurred by the Jackson County Prosecutor's Office is not a cost of the proceeding of the case and thus such cost is denied. Furthermore, this court finds that the costs which are enumerated in the affidavit of cost submitted by the Kansas City Police Department, marked as State's exhibit 2, are not a cost of the proceeding of the case and thus such costs are denied.

The Missouri Supreme Court in *Douthit* noted that "the plain language of Article IX, Sec. 7, allocates the *net proceeds* of forfeitures arising out of penal violations to the schools." *Id.* (Emphasis added). *Douthit* contemplates deducting the costs of the forfeiture proceedings from the gross proceeds thereby leaving the net without breaching Article IX, section 7, of the Missouri Constitution.

■ At the hearing on the State's Petition for Forfeiture, the state introduced as an exhibit the affidavit of publication. Publication was essential to comply with service requirements pursuant to Rule 54.17 and chapter 493 RSMo 1986. The evidence at the hearing on the petition of forfeiture disclosed that the Prosecuting Attorney's office expended $206.64 for the cost of publication. The cost of publication was a necessary and added expense to adjudicating ownership rights in the rem. The prosecutor was compelled to pay the costs of publication to proceed with the case. The cost of publication incurred by the Prosecuting Attorney's Office constituted costs reimbursable from the gross proceeds forfeited and should have been awarded.

During the hearing on the Petition in Forfeiture, the state presented as an exhibit the Kansas City Police Department's general statement asserting expenses of $273. The Police Department's claim asserted expenses incurred in seizing the money at the scene of the search warrant, photographing and checking it for "buy money," sealing it as evidence, utilizing a police dog to "check the money and the apartment," expenditure of time by police personnel in preparing the forfeiture case for trial and testifying in court, and for the costs of the laboratory analysis. Unlike the prosecutor's claim, the police department sought reimbursement for performing routine tasks incidental to the performance of its duties to conduct the criminal investigation. The police department did not incur additional expenses peculiar to this forfeiture case, with the exception of the additional time spent by an officer in preparation for the forfeiture hearing and for the officer's testimony.

To claim as costs an officer's time utilized in preparation for testimony and for the time spent for his testimony during the hearing on the petition is analogous to the prosecutor making such a claim for time spent in preparation and in court. The routine duties of a police officer include preparing to testify and testifying at judicial proceedings. The Article IX, section 7 of the Missouri Constitution provision permitting reimbursement for costs incurred does not include payment to the Kansas City Police Department for the police officer witness' time preparing for testimony and his time while testifying.

The part of the judgment of the trial court denying the prosecuting attorney reimbursement as cost the expense of publication is reversed. The judgment is affirmed in all other respects. The case is remanded with directions to modify the judgment accordingly.

All concur.